[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10063
Non-Argument Calendar
_____

D.C. Docket No. 7:12-cr-00012-HL-TQL-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC BELL,
a.k.a. CEDO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 9, 2013)


Before DUBINA, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Cedric Bell appeals his 18-month sentence -- a variance from the guideline range of 4 to 10 months -- imposed after he pleaded guilty to misprision of a felony, in violation of 18 U.S.C. § 4. On appeal, Bell argues that his sentence is procedurally and substantively unreasonable because the district court based the upward variance on conduct comprising the essential elements of misprision of a felony. He contends that the court wrongly understood the misprision of a felony statute to require only that a person fail to report a felony to authorities, instead of the correct reading of the statute: the correct reading also requires that the defendant conceal or participate in the underlying felony. Thus, Bell argues, his conduct participating in the underlying felonies merely constituted essential elements of the offense and could not be used to vary upward.

We review all sentences for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The party challenging the sentence carries the burden to demonstrate that it is unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). When a sentencing argument is raised for the first time on appeal, we review only for plain error. *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009).

2

"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to [authorities], shall be fined under this title or imprisoned not more than three years, or both."  18 U.S.C. § 4.  "Misprision of a felony 'requires both knowledge of a crime and some affirmative act of concealment or participation.'"  *Itani v. Ashcroft*, 298 F.3d 1213, 1216 (11th Cir. 2002).

## I. Procedural Reasonableness

In determining reasonableness, we must determine whether the district court committed a "significant procedural error" by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range."  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

As an initial matter, because Bell did not object before the district court that the court erred in treating conduct that comprised the elements of the offense as aggravating factors, we review his argument for plain error.  *See Bonilla*, 579 F.3d

3

at 1238.  Although Bell is correct that misprision of a felony requires an affirmative act of concealment or participation in the underlying felony, no evidence suggests that the district court misunderstood the required elements of the offense.  *See* 18 U.S.C. § 4; *Itani*, 298 F.3d at 1216.  Never did the court say or distinctly indicate (as Bell suggests it did) that the simple failure to report a felony was the *only* element of the offense.  Thus, Bell has not carried his burden of showing that the district court did not understand the elements of the offense and committed procedural error, based on a misinterpretation of the criminal statute.

## II. Substantive Reasonableness

The district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from future criminal conduct.  18 U.S.C. § 3553(a)(2)(A)-(C).  A district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the applicable guideline range.  *Id*. § 3553(a)(1), (a)(3)-(4).

4

We will not remand for resentencing unless "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Imposition of a sentence well below the statutory maximum is an indication of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (considering that defendant's sentence was well below the statutory maximum in finding the sentence reasonable). A sentence may be substantively unreasonable if it is based on an impermissible factor. *Pugh*, 515 F.3d at 1191-92. But "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).

Extraordinary justification or rigid mathematical formulas are not required for a sentence outside the guidelines range, but the district court should explain why the variance is appropriate in a particular case and the justification for the variance must be "sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 47, 50, 128 S.Ct. at 595, 597. We must give deference to the district court's decision that the § 3553(a) factors justify the extent of the variance. *Id.* at 51, 128 S.Ct. at 597.

5

In imposing an upward variance, the district court may consider information about a defendant's "background, character, and conduct." *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.").

Because Bell argued before the district court that his sentence unreasonably exceeded the guideline range, his substantive reasonableness argument has been preserved. Nevertheless, the district court did not abuse its discretion in imposing the above-guideline, 18-month sentence. *See Gall*, 552 U.S. at 41, 128 S.Ct. at 591. The record shows that the district court considered Bell's advisory guideline range, but determined that the § 3553(a) factors required a greater sentence. The court properly considered that Bell arranged and was present during the sale of stolen items, and that he accompanied co-conspirator Robert Kier to a home that Kier had burglarized: this information was relevant to Bell's background, character, and conduct. *See* 18 U.S.C. § 3661; *Tome*, 611 F.3d at 1379. Thus, because the court was permitted to consider Bell's conduct in imposing the sentence, it did not base its sentence on an impermissible factor. *See Pugh*, 515 F.3d at 1191-92. Furthermore, the court adequately explained its reasons -- chiefly, more than minimally significant criminal participation -- for the variance,

6

and the justification for the variance was sufficiently compelling to support it.  *See Gall*, 552 U.S. at 50, 128 S.Ct. at 597.  To the extent that Bell urges us to re-weigh the § 3553(a) factors to place greater emphasis on his mitigating factors, we will not do so.  *See Langston*, 590 F.3d at 1237.  Finally, Bell's 18-month sentence fell well below his 3-year statutory maximum sentence, another indicator of reasonableness.  *See Gonzalez*, 550 F.3d at 1324.

In sum, Bell has not shown that his sentence was procedurally or substantively unreasonable.  Accordingly, we affirm.

**AFFIRMED.**